ADDIE FAYE LANGLEY WYATT, EXECUTRIX OF THE ESTATE OF THOMAS B. WYATT, DECEASED v. PAULINE BOWMAN HAYWOOD AND CHARLES FRANKLIN HAYWOOD

No. 7420SC308

(Filed 3 July 1974)

1. **Death § 3— automobile accident — wrongful death — sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury in a wrongful death action where it tended to show that plaintiff's testate's

vehicle was proceeding west in its proper lane of travel when it was struck by defendant's eastbound car while the latter was to the left of its center of the highway.

**2. Trial § 10— no expression of opinion by trial judge**

The trial court in a wrongful death action did not express an opinion on the case in its rulings or comments or in its questioning of plaintiff's witnesses.

**3. Automobiles § 90— failure to stay in proper lane — excessive speed — instructions proper**

Where the evidence would permit the jury to find (1) that, as defendant overtook a vehicle stopped in the highway, defendant drove to the left of the center of the highway at a time when the same was not clearly free of oncoming traffic, and (2) that defendant insufficiently reduced her speed in the face of the hazard caused by another vehicle being stopped in the highway and failed to reduce her speed so as to avoid injury to plaintiff's testate, the trial court properly instructed the jury with respect to G.S. 20-150(a) and G.S. 20-141(c).

**4. Trial § 36— blackboard diagram not substantive evidence — instruction proper**

The trial court's instruction to the jury that a blackboard diagram used by witnesses at the trial was not substantive evidence but was used only to illustrate the testimony of the witnesses was proper.

**5. Trial § 36— wrongful death action — expression of opinion in instructions**

The trial court in a wrongful death action did not err in instructing the jury that they should not consider the issue of damages at all unless they first answered the issue of negligence in plaintiff's favor and then at the conclusion of the charge instructing the jury that "you may retire to the jury room and write in your answers to the two questions," since that statement was not an expression of opinion by the judge that the second issue, damages, should be reached by the jury.

APPEAL by defendants from *McConnell, Judge,* 17 September 1973 Session of Superior Court held in ANSON County.

Plaintiff brought this wrongful death action after her testator, Thomas B. Wyatt, was killed in an automobile accident allegedly precipitated by defendants' negligence.

Plaintiff's evidence tended to show the following. Plaintiff's testate, Wyatt, was traveling west on Highway 109 in a Volkswagen automobile, and defendant Pauline Bowman Haywood was traveling east when the vehicles collided. Haywood was operating a Ford automobile owned by her husband, defendant

Charles Franklin Haywood. Just prior to the collision, Barbara Helms Hunsucker, after giving a left turn signal, had stopped in the eastbound lane to let three westbound cars pass before attempting to make a left turn. The approaching vehicles were all traveling at approximately the same speed and were each a car length or more apart. The Wyatt automobile was following the other two. When the approaching cars first came into view, they were rounding a curve another witness estimated to be several hundred feet away. When she slowed to a stop in preparation for the left turn, Hunsucker looked in the rear view mirror and did not see any cars approaching behind her. After the first westbound car had completely passed and as the second car was in the process of passing, Hunsucker heard tires and brakes squeal behind her. Hunsucker said she saw the Haywood vehicle behind her as it collided with the Wyatt car and that had she been sitting on the back end of her car she believed she could have "hit it with her foot." The Haywood vehicle was in the air when she saw it. Later she testified that when she saw the Haywood car it was not directly behind her but rather more to the left than to the right.

The police officer who investigated the accident stated that he found the Haywood vehicle lying upside down on the north side of the road with its front end pointed west. The Wyatt automobile which was heavily damaged on the left front was right side up on the north side of the road and was angled in a southeasterly direction. In describing the scene of the accident, the officer stated:

> "I found skid marks leading, starting in the eastbound lane running in a straight line for 50 to 75 feet, then they veered into the left lane going into an easterly direction to this area of debris . . . They were in the eastbound lane 126 feet; they continued a distance of 15 feet to the point of the area of the debris . . . and then a distance of 10 feet. However, here the skid marks were broken and there was [sic] indentations into the ground, and the car was laying upside down 3 feet off the road, paved portion."

West from the area of debris, the road was straight for 600 to 700 feet, although it inclined slightly. Going east, it ran straight for "several hundred feet" before curving north. When the accident occurred the pavement was dry and the visibility good.

Prior to his death, Wyatt was 52 years old, was employed by the Employment Security Commission and earned approximately $6,950.00 per year from that position. He also operated a laundromat and owned rental property. His next of kin were his wife, age 41 and daughter, age 9.

Defendants offered no evidence. The jury awarded plaintiff damages in the amount of $320,000.00.

*E. A. Hightower for plaintiff appellee.*

*Hedrick, McKnight, Parham, Helms, Kellam & Feerick by Philip R. Hedrick for defendant appellants.*

VAUGHN, Judge.

[1] Defendants contend that the court erred in denying their timely motions for directed verdict and judgment notwithstanding the verdict. The evidence was clearly sufficient to warrant submission of the case to the jury and to support the verdict. The evidence was sufficient to permit the jury to find that the Wyatt vehicle was proceeding west in its proper lane of travel when it was struck by the eastbound Haywood car while the latter was to the left of its center of the highway. Defendants' motions were properly denied.

[2] Defendants also claim that "the Court made numerous rulings on objections timely made by the defendants, along with other comments on the evidence presented, which clearly indicated to the jury the Court's attitude toward the trial of the case, . . . " in violation of G.S. 1A-1, Rule 51 which prohibits expressions of opinion by the court. We have carefully reviewed the rulings and comments which form the basis for these assignments of error and have concluded that the court neither expressly nor implicitly indicated any opinion regarding the case. We have also determined that although the court frequently questioned plaintiff's witnesses, in so doing it was endeavoring to clarify the evidence and did not unduly or in a biased manner interfere with counsel's presentation of the case.

[3] Defendants contend the judge erred because he instructed the jury with respect to G.S. 20-150(a) and G.S. 20-141(c). Assignments of error based on these contentions are without merit. It is the duty of the trial judge to declare and explain the law arising on the evidence in the case. The evidence in this case would permit the jury to find that, as Haywood overtook

the Hunsucker vehicle, Haywood drove to the left of the center of the highway at a time when the same was not clearly free of oncoming traffic in violation of G.S. 20-150 (a). The evidence would also permit the jury to find that Haywood insufficiently reduced her speed in the face of the hazard caused by the Hunsucker vehicle being stopped in the highway and failed to reduce her speed so as to avoid injury to Wyatt.

[4]   Defendants also maintain the court erroneously instructed the jury "that the blackboard diagram which was used at the trial was allowed into evidence and should be considered by the jury for the purpose of illustrating the witness' testimony when in fact the diagram was never offered into evidence." Although the record does not disclose that the blackboard sketch was ever formally offered and accepted into evidence, it was prepared by the witnesses during trial and used by several witnesses to illustrate their testimony on both direct and cross-examination. Defendants raised no objection to this use of the diagram at trial. Without request by counsel, the court properly instructed the jury that the diagram was not substantive evidence and was used only to illustrate the testimony of the witness. There is no merit to the assignment of error.

[5]   Issues as to Wyatt's death as a result of Haywood's negligence and damages were submitted to the jury. The jurors were instructed that if they answered the first issue "yes," they should go to the second issue and that if they answered the first issue "no," that would end the case. Later the jurors were told "as I have already instructed you, you will not consider damages at all unless you have decided to answer the first issue in favor of the plaintiff." At the conclusion of the charge, the judge told the jury, "you may retire to the jury room and write in your answers to the two questions." Defendants contend that the last statement was an expression of opinion by the judge and that the second issue should be reached and, therefore, that the first issue must be answered in plaintiff's favor. Counsel urges that this constituted a peremptory instruction on the first issue. When the charge is considered in its entirety, we see no likelihood that the jury could have possibly regarded the judge's instructions as suggesting that they should answer the first issue "yes," and we, therefore, overrule this assignment of error.

We have carefully reviewed defendants' other assignments of error and hold that no prejudicial error has been shown. It

does not appear the court abused its discretion in denying defendants' motion for a new trial and in refusing to set aside the verdict as excessive.

No error.

Judges PARKER and CARSON concur.